IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| In the Matter of the Tax Indebtedness of DONALD G. STEARNS, JR. and JENNIFER L. STEARNS, | ) ) ) ) )   Case No. |

**PETITION FOR JUDICIAL APPROVAL**
**OF LEVY UPON PRINCIPAL RESIDENCE**

The United States petitions this Court for an order approving an administrative levy by the Internal Revenue Service upon a principal residence. In support of this petition the United States submits the accompanying Declaration and asserts as follows:

1. This proceeding is brought, and the Court's jurisdiction arises, pursuant to 28 U.S.C. § 1340, and 26 U.S.C. §§ 6334(e)(1) and 7402(a).

2. Property used as a principal residence of the taxpayer (within the meaning of 26 U.S.C. § 121), is exempted from administrative levy by the Internal Revenue Service unless such levy is to satisfy a liability which exceeds $5,000, and is approved, in writing, by a United States District Court Judge or Magistrate Judge. *See* 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1); *see also* 26 C.F.R. § 301.6334-1(d).

3. By this petition, the United States seeks approval for the IRS to levy upon the taxpayer's interest in real property located at 7916 Halsey Street, Lenexa, Kansas 66215 ("the property"). The property is located within the jurisdiction of this Court. The property is the principal residence of Donald G. Stearns, Jr., Jennifer L. Stearns, and their two dependents, ages 18 and 15. The property is legally described as follows:

> Lot 1, Tract 5, Parcel 2, COLONY II, FOUR COLONIES, a subdivision in
> the City of Lenexa, Johnson County, Kansas, according to the recorded plat

thereof in Plat Book 34 at page 8 and according to the Certificate of Survey recorded in Volume 853 at page 156 in the Office of the Register of Deeds, Johnson County, Kansas.

4. To obtain levy approval from a court, the applicable Treasury regulation, 26 C.F.R. § 301.6334-1(d)(1), requires the United States to demonstrate that: (a) the underlying liability has not been satisfied; (b) the requirements of any applicable law or administrative procedure relevant to the levy have been met; and (c) no reasonable alternative for the collection of the taxpayer's debt exists.

5. On the dates listed below, a delegate of the Secretary of the Treasury of the United States made assessments against Donald and Jennifer Stearns for unpaid joint federal income tax liabilities for the tax periods shown below. The unpaid assessed balance, plus accrued penalties and interest is also set forth in the chart below:

| Tax Year | (Initial) Assessment Dates | Unpaid Amount of Liability, Penalties, and Interest Due (as of 2/7/2014) |
|---|---|---|
| 2003 | 3/12/2007 | $13,642.94 |
| 2004 | 11/26/2007 | $16,723.35 |
| 2005 | 4/13/2009 | $30,501.01 |
| 2006 | 4/13/2009 | $15,878.62 |
| 2007 | 12/1/2008 | $5,956.31 |
| 2008 | 11/23/2009 | $15,929.75 |
| 2009 | 11/15/2010 | $14,681.41 |
| 2010 | 6/11/2012 | $13,906.24 |
| 2011 | 6/4/2012 | $13,303.07 |
| | Total | $140,522.70 |

*(See* Declaration of Revenue Officer Robinson ("Robinson Decl."), ¶ 6.)

6.	Notices of the above-described assessments and demands for payment of the liabilities described in paragraph 5 above were sent to Donald and Jennifer Stearns on the dates of the assessments.  (*See* Robinson Decl., ¶ 7.)

7.	Notwithstanding the notices and demands for payment of the income tax assessments, Donald and Jennifer Stearns have failed to pay their joint federal income tax liabilities.  (*See* Robinson Decl., ¶ 8.)  Thereafter, the IRS sent the Stearns final notices of intent to levy in 2009 and 2012.  (*Id.*)

8.	After application of any abatements, payments, and credits, as of February 7, 2014, Donald and Jennifer Stearns remain indebted to the United States in the total amount of $140,522.70, plus interest and penalties which have accrued since that date and will continue to accrue according to law.  (*See* Robinson Decl., ¶ 9.)

9.	The IRS has followed the requirements of applicable law and administrative procedures relevant to a levy upon the property.  (*See* Robinson Decl., ¶ 10.)

10.	The IRS has attempted to satisfy the taxpayers' unpaid liability from assets other than the property, and no reasonable alternative exists to satisfy the unpaid tax liabilities described above.  (*See* Robinson Decl., ¶ 11.)

WHEREFORE, the United States asks that:

A.	This Court enter the attached Order to Show Cause;

B.	If no written Objection to Petition, which conforms to the requirements of the Order to Show Cause, is filed with the Clerk of the Court within 30 days from the date of the Order to Show Cause is served on the taxpayers, the Court enter an order

(proposed order attached) approving the administrative levy on the property, to be executed by any authorized officer of the IRS; and

  C. If a written Objection to Petition is filed with the Clerk of the Court, the Court set a hearing date for this matter, at which objections raised shall be considered and after which the Court may enter a further order approving the administrative levy on the property, to be executed by any authorized officer of the IRS.

  Dated: March 4, 2014    Respectfully submitted,

            KATHRYN KENEALLY
            Assistant Attorney General
            Tax Division

            /s/ *Olivia R. Hussey Scott*
            Olivia R. Hussey Scott
            Trial Attorney, Tax Division
            U.S. Department of Justice
            Post Office Box 7238, Ben Franklin Station
            Washington, D.C.  20044
            Telephone: (202) 616-1972
            Facsimile:  (202) 514-6770
            E-mail: Olivia.Hussey.Scott@usdoj.gov

            Of Counsel:
            BARRY R. GRISSOM
            United States Attorney