# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

In the Matter of the Tax  )
Indebtedness of           )   Case No.
DONALD G. STEARNS, JR. and )
JENNIFER L. STEARNS,      )

## DECLARATION IN SUPPORT OF PETITION FOR JUDICIAL APPROVAL OF LEVY UPON PRINCIPAL RESIDENCE

I, Brandi Robinson, declare:

1. I am a duly commissioned Revenue Officer of the Collection Division of the Internal Revenue Service with a post of duty in Lee's Summit, Missouri.

2. In my capacity as a Revenue Officer, I am assigned to collect the unpaid federal income tax liabilities of Donald G. Stearns, Jr. and Jennifer L. Stearns for tax years 2003-2011.

3. The property upon which the IRS intends to effect a levy upon the Stearns' interest in the property located at 7916 Halsey Street, Lenexa, Kansas 66215 ("the property"). The property is legally described as follows:

> Lot 1, Tract 5, Parcel 2, COLONY II, FOUR COLONIES, a subdivision in the City of Lenexa, Johnson County, Kansas, according to the recorded plat thereof in Plat Book 34 at page 8 and according to the Certificate of Survey recorded in Volume 853 at page 156 in the Office of the Register of Deeds, Johnson County, Kansas.

4. I have examined the real property records in Johnson County regarding the property. These records reflect that the Stearns are the sole owners of the property.

5. The property is the principal residence (within the meaning of 26 U.S.C. § 121) of the Stearns and their two dependents, ages 18 and 15.

6. I have examined the records of the Internal Revenue Service, and those records reflect that on the dates listed below, a delegate of the Secretary of the Treasury of the United States made assessments against Donald and Jennifer Stearns for unpaid joint federal income tax liabilities for the tax periods shown below. The unpaid assessed balance, plus accrued penalties and interest is set forth in the chart below:

| Tax Year | (Initial) Assessment Dates | Unpaid Amount of Liability, Penalties, and Interest Due (as of 2/7/2014) |
|---|---|---|
| 2003 | 3/12/2007 | $13,642.94 |
| 2004 | 11/26/2007 | $16,723.35 |
| 2005 | 4/13/2009 | $30,501.01 |
| 2006 | 4/13/2009 | $15,878.62 |
| 2007 | 12/1/2008 | $5,956.31 |
| 2008 | 11/23/2009 | $15,929.75 |
| 2009 | 11/15/2010 | $14,681.41 |
| 2010 | 6/11/2012 | $13,906.24 |
| 2011 | 6/4/2012 | $13,303.07 |
| **Total** | | $140,522.70 |

7. Notices of the above-described assessments and demands for payment of the liabilities described in paragraph 6 above were sent to the Stearns on the dates of the assessments.

8. Notwithstanding the notices and demands for payment of the income tax assessments, the Stearns have failed to pay their joint federal income tax liabilities. As a result, federal tax liens arose and attached to the property of the taxpayers. Thereafter, the IRS sent the Stearns final notices of intent to levy in 2009 and 2012.

11089465.1

9. After application of any abatements, payments, and credits, as of February 7, 2012, Donald and Jennifer Stearns remain indebted to the United States in the total amount of $140,522.70, plus interest and penalties which have accrued since that date and will continue to accrue according to law.

10. The IRS has followed the requirements of applicable law and administrative procedures relevant to a levy upon the subject real property, including, but not limited to:

    a. Giving notices to the Stearns of the assessments and making demands for payment as required by Section 6303 of the Internal Revenue Code as indicated by the dates of assessments in the chart in paragraph 6, above;

    b. Giving notices to the Stearns that the IRS filed liens in favor of the United States upon all property and rights to property belonging to them for the amount of their taxes owed and additional penalties, interest, and costs that may accrue;

    c. Giving notices to the Stearns of the IRS's intent to levy and providing them with notice of their rights to an administrative hearing prior to levy as required by 26 U.S.C. §§ 6330(a) and 6331(d); and

    d. Making a thorough investigation of the status of the subject real property as required by 26 U.S.C. § 6331(j), including a determination, based upon a reliable appraisal of the subject real property, that the equity

11089465.1

in the property is sufficient to yield net proceeds from a sale to be applied to the Stearns' liability. Specifically:

    i.    The fair market value of the subject real property is $125,000 based on an appraised value by the Johnson County Assessor of $117,500 for 2012 and $128,200 for 2011. I estimate the reduced forced-sale value of the property is $75,000, approximately 60% of its fair-market value.

    ii.    The Stearns own the entire interest in the subject real property, but, as of July 19, 2012, it is encumbered by a mortgage in favor of Bank of America in the amount of $37,233.30, which is senior to the United States' federal tax liens.

    iii.    As a result, the total encumbrance on the subject real property that is senior to the United States' federal tax liens for tax years 2003-2011 is approximately $37,233.30. Using a $75,000 forced-sale value of the property, less estimated sale expenses, the amount of equity remaining to pay the Stearns' federal income tax obligations for 2003-2011 is at least $37,016.70.

11.    The IRS has attempted to satisfy the Stearns' unpaid liabilities from assets other than the subject real property, and no reasonable alternative exists to satisfy the unpaid income tax liabilities as described above. Specifically:

    a.    Multiple demands for payment have been made;

11089465.1

  b. Enforced collection activity was attempted by issuing levies to financial institutions, which generated small payments of funds. The IRS is currently receiving $63.00 per month from a partially released levy based on the Stearns' monthly ability to pay. These payments are not enough to satisfy the Stearns' liability.

  d. The Stearns have no other known assets of value that would allow for full collection of the tax.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Lee's Summit, Missouri on the 28th day of February, 2014.

*Brandi Robinson*
Brandi Robinson
Revenue Officer
Internal Revenue Service

5

11089465.1